Comer v. Folsom.

William Comer, Treasurer of Chisago County,

*vs.*

William H. C. Folsom.

*Held*—that the legislature had the power to give bounties to soldiers drafted into, or voluntarily entering the military service of the United States, or to their families, or to delegate such power to the several towns or counties.  That it also has the power to ratify and validate bonds issued by the town, without authority, to raise bounties which they were authorized to pay.

The towns of Taylors Falls and Amador, being held liable by the military authorities of the United States, as a single sub-district, to furnish a given number of men, the former appropriated a sum of money, and issued its bonds, as a means of raising the amount for the purpose of paying bounties to soldiers to fill its quota, " so as to prevent a draft in this town," or " for the support of the families of such soldiers as shall be drafted from this town."  It is admitted that the latter town " did not contain more than four men subject to draft."  *Held*—that it does not certainly appear that in the town of Amador there was one man subject to draft, and therefore it cannot be assumed that any bonds were issued or money appropriated for the benefit of that town.  Though the action of

the town of Taylors Falls in the premises may have, directly or indi-. rectly, benefited the town of Amador, such action is not, therefore, invalid Perfect equality of taxation is not required by our constitution, nor is it possible. If taxes imposed are distributed on just principles, applicable alike to all for whose benefit the appropriation is made or intended, substantial equality is attained, and no constitutional right is invaded.

The plaintiff and defendant having a controversy which might be the subject of an action, agreed upon a case containing the facts upon which the controversy depended, and presented a submission of the same to the District Court for Chisago county. The facts, as presented in said agreed case, were substantially as follows : On the 27th day of August, 1864, at a special meeting of the town of Taylors Falls, resolutions were unanimously adopted, appropriating $6,000 for the payment of bounties to volunteers, to be mustered into the United States service, to fill the quota of said town, and for the support of the families of soldiers drafted from said town, and recommending the board of supervisors to issue interest-bearing bonds of said town to the amount of such appropriation, for such purposes.

At the time of the passage of the resolutions, and before and after that time, the town of Amador was attached to the town of Taylors Falls, as sub-district No. 109, on the books of the U. S. Provost Marshal in St. Paul. The town of Amador at that time did not contain more than four men subject to draft. No appropriation was made, or tax levied to pay bounties to volunteers in the town of Amador. Bonds to the amount of $3,950 were issued and paid out by the town of Taylors Falls, in pursuance of said resolutions, except that in paying bounties to volunteers, such bounties were paid to volunteers who enlisted and were credited to the sub-district No. 109, composed of the towns of Taylors Falls and Amador. A tax was levied for 1864,

Comer v. Folsom.

for the purpose of paying said bonds and interest, upon the property of the town of Taylors Falls, and duly entered in the duplicate assessment roll of the county of Chisago, now in the hands of the treasurer of said county ; that the sum of one hundred and seven dollars and forty-four cents of such bounty tax is charged as a personal property tax against the above-named William H. C. Folsom, a resident of said town, and same now remains due and unpaid.

Said parties asked the Court to decide whether the tax was lawfully levied. The Court decided that the tax was legal, and judgment was entered against defendant for the amount of the tax. The defendant appeals to this court.

L. R. Cornman and H. J. Horn for appellant.

H. N. Setzer for Respondent.

*By the Court*—Wilson, Ch. J.—The appellant argues—(1) That this tax was levied to pay bonds issued without legal authority by the town of Taylor's Falls, and which it was not within the power of the Legislature to legalize or make valid. (2) That the bonds were issued for money appropriated, in part, for the benefit of the town of Amador ; hence he seeks to draw the conclusion that the tax is illegal. Both of these objections we think untenable. First—Admitting that at the time of making the bonds the town was not authorized to bind itself in that manner, yet it was within the power of the Legislature to ratify and validate such authorized act, as it did. *Kunkle vs. Town of Franklin, ante, p. 127.* Secondly—It was competent, we think, for the Legislature to give gratuities to those drafted into or voluntarily entering the military service of the United States, or to their families, and to tax the citizens generally therefor; and if it had the power it had the right to delegate it to the several towns or counties. *City of Lowell.*

*vs. Oliver*, 8 *Allen*, 247; *Freeland vs. Hastings*, 11 *Ib.*, 570; *Booth vs. Town of Woodbury*, 32 *Conn.*, 118.

As it was said by the judge who decided the case below, it does not certainly appear that there was a single man in the town of Amador subject to draft, and therefore it cannot rightly be assumed that any bonds were issued, or money appropriated for the benefit of that town. But admitting that it was incidentally benefited, does it therefore follow that the bonds are void and the tax illegal? We think not. In issuing the bonds and appropriating the money, the town of Taylors Falls looked only to its own interest and duty. It is generally true that a city, town or county, in expending money for the advancement of its own local interests, either directly or indirectly benefits some other subdivision of the State. If it builds a road or bridge, or aids in building a railroad, or in making any other public improvement from which benefit to itself is expected to accrue, frequently some other subdivision of the State is directly and equally benefited; but it has not been considered that this would be a legal objection to an appropriation or tax for such improvement. If our constitution required absolute or perfect equality in taxation, such objection would perhaps have to be admitted. But perfect equality is not required, nor is it possible. All taxes "shall be as nearly equal as may be," is the language of the constitution. If the taxes imposed are distributed on just principles applicable alike to all for whose benefit the appropriation is made or intended, substantial equality is attained, and no constitutional right is invaded. *Sanborn vs. Commissioners of Rice Co.*, 9 *Minn.*, 276; *Freeland vs. Hastings*, 10 *Allen*, 580.

Judgment affirmed.